UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN E. MUSTILL, | No. 2:21-cv-1720 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY MAIN JAIL, et al.,, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has paid the filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff has filed a complaint and an amended complaint. Since the amended complaint supersedes the original, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the court screens the amended complaint.

1

Having conducted the required screening, the court finds that the amended complaint fails to state a claim upon which relief can be granted.  The only defendant named in the amended complaint is the Sacramento County Main Jail.  Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees.  Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  Plaintiff does not allege he was injured pursuant to a Sacramento County policy or custom.  Accordingly, plaintiff's complaint will be dismissed.  However, the court will grant plaintiff leave to amend.

In addition to the above, plaintiff is informed as follows as to the contents of a second amended complaint:

1. Plaintiff must demonstrate how conditions resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Under the Eighth Amendment, prison officials have a duty to protect prisoners from harmful conditions of confinement.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  A prison official may be held liable for subjecting an inmate to harmful conditions of confinement if an inmate suffers a sufficiently serious injury, and the prison official was deliberately indifferent to the risk of harm.  Id. at 834, 837. The relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health."  Id. at 834 (internal quotation omitted).

/////

/////

3. The court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Finally, the court notes that plaintiff has filed a motion for summary judgment. In light of the foregoing and because the court does not yet have jurisdiction over any defendant, that motion will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's motion for summary judgment (ECF No. 7) is denied without prejudice.

Dated: March 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
must1720.14